IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHEEMA INVESTMENTS, LLC,<br><br>              Plaintiff,<br><br>     vs.<br><br>TAMKO BUILDING PRODUCTS, INC., a Missouri corporation;<br><br>              Defendant. | 4:14CV3067<br><br>**FINDINGS AND RECOMMENDATION** |

The plaintiff's complaint, originally filed in the District Court of Scotts Bluff County, Nebraska, was removed to this forum on March 28, 2014.   The defendants claim this court has diversity jurisdiction because:

- the plaintiff is a Nebraska Limited Liability Corporation with its principal place of business in Scotts Bluff County, Nebraska, and is therefore a Nebraska citizen;

- the defendant is a Missouri corporation with its principal place of business located in Joplin, Missouri, and is therefore a Missouri citizen; and

- the amount in controversy exceeds $75,000.

(Filing No. 1, at CM/ECF p. 2).  See 28 U.S.C. § 1332(a).

The members of the plaintiff, a limited liability company, are Nebraska citizens, and the defendant is a Missouri corporation.  (Filing No. 20).  There is complete diversity of citizenship.  *GMAC Commercial Credit LLC v Dillard Department Stores, Inc*., 357 F.3d 827, 828 (8th Cir. 2004).

The jurisdictional question raised by plaintiff's motion for remand is whether the amount in controversy is less than $75,000.  (Filing No. 7).   The plaintiff's complaint alleges it purchased defective shingles from the defendant, and is entitled to recover the cost of purchasing and installing replacement shingles.  The plaintiff filed a prior lawsuit

seeking recovery for this same alleged loss. The first complaint, also filed in the District Court of Scotts Bluff County, Nebraska, stated the replacement cost and labor for the shingles was $102,396.00. After the defendant removed that complaint to this forum, the plaintiff voluntarily dismissed his complaint (as a matter of right) before the defendant filed an answer or moved for summary judgment. (See 4:14-cv-03029-RGK-CRZ, *Cheema Investments, LLC v. Tamko Building Products, Inc*.).

The plaintiff then re-filed its complaint in the state court. The new complaint, now removed to this forum, is identical to the first one except that the plaintiff now requests $73,500.00, not $102,396.00, in its prayers for relief. But likely due to an oversight, paragraph 18 of the current complaint still alleges the replacement shingles will cost $102,396.00, (Filing No. 1-2, at CM/ECF p. 5, ¶ 18).

## ANALYSIS

A federal court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude that plaintiff's damages are greater than $75,000. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). A removing party must show, by a preponderance of the evidence, that a fact finder *might* legally conclude that the amount in controversy exceeds $75,000, irrespective of whether the complaint alleges an amount below the jurisdictional minimum. Hargis v. Access Capital Funding, LLC, 674 F.3d 783, 789 (8th Cir. 2012). In removed cases, federal subject matter jurisdiction attaches at the time of removal, the amount in controversy is assessed based on the pleadings at the time of removal, and not on rulings, pleading amendments, or stipulations made thereafter. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292–93 (1938). See also, *Grawitch v. Charter Communications, Inc.*, 2014 WL 1718737, 3 (8th Cir. May 2, 2014).

2

The complaint removed to this forum for Plaintiff's above-captioned lawsuit includes the following prayer for relief:

> Plaintiff prays for judgment against Defendant for breach of warranty in the amount of $73,500.00, the same constituting the full replacement cost (minus material certificates previously provided) and labor payment of the roofs on Plaintiffs properties, for the costs of this action, and for such other and further relief as shall in the premises be provided.

([Filing No. 1-2](#)). The plaintiff argues the case must be remanded because the prayer for relief in the complaint governs the amount at issue, and since the plaintiff is seeking less than $75,000, this court lacks federal diversity jurisdiction. The plaintiff claims an amount exceeding $75,000 cannot be "in controversy" because based on the prayer for relief, no fact finder could legally award it. See e.g., *Kopp*, 280 F.3d at 885.

The prayer for relief is some evidence of the amount at issue. But it does not fully govern a parties' recovery. *Dingxi Longhai Dairy, Ltd. v. Becwood Technology Group L.L.C.*, 635 F.3d 1106, 1108 (8th Cir. 2011)("[T]he selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type."). "The amount of damages to be recovered is based upon the proof, not the pleadings." Id. A prayer for relief is not an admission binding against the plaintiff, and does not preclude a damage award exceeding the plaintiff's request in the complaint. *Stineman v. Fontbonne College*, 664 F.2d 1082, 1088 (8th Cir. 1981).

A plaintiff may avoid removal by including "a binding stipulation with his petition stating that he would not seek damages greater than the jurisdictional minimum." *Hargis*, 674 F.3d at 789. But to avoid federal diversity jurisdiction, the stipulation must be made before the case is removed. *Hargis*, 674 F.3d at 789. The record for this case does not include any such stipulation.

The plaintiff voluntarily dismissed its first complaint, amended the prayer for relief to request an amount less than $75,000, and immediately re-filed the same case in state court. In the absence of any other plausible explanation for this behavior, the court concludes the plaintiff's dismissal and amendment strategy did not arise from a lower damage assessment. It was deployed to avoid litigation in a federal forum. This method of improper forum-shopping undermines both the federal court's exercise of jurisdiction and the defendant's access to federal court. "[I]t is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum." *Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011). As such, the district court must vigilantly insure that a party's artful pleading and strategic use of the federal rules do not provide a means for divesting this court of subject matter jurisdiction. *Id*.

The allegations within the plaintiff's complaint for its first lawsuit, and its residual allegation in paragraph 18 of complaint removed in this lawsuit, state the amount at issue exceeds $75,000. The plaintiff alleged, and still alleges, "Plaintiff will have to replace the defective shingles with new shingles at a cost of $102,396.00," (Filing No. 1-2, at CM/ECF p. 5, ¶ 18), and it seeks recovery in the amount of that replacement cost. As such, a fact finder could legally conclude that plaintiff's damages are greater than $75,000.

Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion for remand filed by the plaintiff, (Filing No. 7), be denied.

4

5

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

June 11, 2014.

                                      BY THE COURT:

                                      *s/ Cheryl R. Zwart*
                                      United States Magistrate Judge